UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21384-CIV-GOLD/MCALILEY

ARTHUR VANMOOR,

    Plaintiff,

v.

UNIVERSAL SURETY CORP., INC.,
a Florida corporation, d/b/a UNIVERSAL
BAIL BONDS, SENECA INSURANCE
COMPANY, INC., a New York corporation,
*et al.*
                                            /

## REPORT AND RECOMMENDATION ON DEFENDANT'S VERIFIED MOTION FOR COSTS PURSUANT TO RULE 41(D) AND FOR STAY PENDING PAYMENT OF COSTS

Pending before the Court is Defendant Seneca Insurance Company, Inc's Verified Motion for Costs Pursuant To Rule 41(d) and For Stay Pending Payment of Costs. [DE 18]. The matter was referred to the undersigned by the Honorable Alan S. Gold for resolution. [DE 21]. In the Motion, Defendant requests that, pursuant to Federal Rule of Civil Procedure 41(d) and the Court's inherent authority, the Court award Defendant the costs, including attorneys' fees, incurred by it in defending a prior similar action in state court, and stay the case pending payment of those costs by Plaintiff. Plaintiff, who is *pro se*, did not respond to the motion. For the reasons set forth below, this Court recommends that Defendant's Motion be denied.

I.   **Background**

On February 18, 2004, Plaintiff filed suit in Florida state court asserting substantially the same claims brought in this action against substantially the same defendants, including Defendant Seneca. [DE 18, p. 2; *compare* DE 1 *with* DE 18-2]. At a hearing on October 30, 2006, the state court judge, frustrated with Plaintiff's failure to make himself available for deposition, granted Plaintiff a 30-day continuance during which Plaintiff was ordered to make himself available for deposition. At that time, the judge warned: "[if] he's not here, not ready to go to trial in 30 days, I'll dismiss this. If I can have this agreement, this understanding, I'll [grant the continuance]." [DE 18-5, p. 13-14]. In response, counsel for Plaintiff stated "we will do everything in our power to get that done." [DE 18-5, p. 14]. The deposition, however, did not take place. Plaintiff moved for an additional continuance which, on January 3, 2007, the state court denied. [DE 18-4, p. 2]. In the same Order the court dismissed the case because "Plaintiff has failed to comply with the October 30, 2006 ruling by this Court. . . . " [*Id.*]. The January 3rd Order also provided that "Plaintiff shall pay all costs of Defendants should he choose to re-file this action subject to the applicable statute of limitation." [*Id.*].

II.   **Analysis**

As a first basis for recovery, Defendant relies on Federal Rule of Civil Procedure 41(d), which provides:

> **Costs of a Previously Dismissed Action.** If a plaintiff who previously dismissed an action in any court files an action based on or including

the same claim against the same defendant, the court:

(1) may order the plaintiff to pay all or part of the costs of that previous action; and

(2) may stay the proceedings until the plaintiff has complied.

By its plain language, Rule 41(d) applies only when the plaintiff dismisses the previous action. Defendant disingenuously construes the state court dismissal as arising from a "stipulation" entered into by Plaintiff. [DE 18, p. 4]. The clear language of the January 3rd Order demonstrates that this in not the case, and that the Court dismissed the action as a sanction for Plaintiff's failure to comply with the court's earlier order.[1] Thus, Rule 41(d), which only applies when the plaintiff dismisses the prior action, is inapposite to this action and Defendant's request for costs and a stay pursuant to Rule 41(d) should be denied.[2]

Defendant argues in the alternative that, should the Court find the dismissal of the state court action was involuntary, the Court should nonetheless exercise its inherent authority and impose on Plaintiff the sanction contemplated in Rule 41(d). [DE 18, p.8]. Federal courts have the inherent power, grounded in the court's need for the orderly and expeditious management of its cases, to impose sanctions on parties. *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006). "Because of their very potency, inherent

---

[1] Dismissal as a result of a failure to comply with a court order is a classic example of an involuntary dismissal. *See* F.R.C.P. 41(b).

[2] Because Rule 41(d) does not apply, the Court does not reach the issue of whether "costs" under that Rule includes attorneys' fees. The Court observes, however, that the state court order only references Plaintiff's payment of costs, should he refile his action, and makes no mention of Plaintiff having to pay Defendant's attorneys' fees.

3

powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). A finding of bad faith on the part of the non-moving party is the key to unlocking a court's inherent authority. *Sunshine Stores*, 456 F.3d at 1304.

Defendant has not demonstrated Plaintiff's bad faith. Moreover, Defendant has not provided the Court with any case law that might support the Court's exercise of its inherent authority to circumvent the limitations of Rule 41(d). Nor has Defendant presented any caselaw supporting the exercise of inherent authority to enforce a state court order, particularly where there is no indication that the state court intended for the order to have effect in federal court. On this reasoning, Defendant's request that the Court exercise its inherent powers to sanction Plaintiff by awarding Defendant the fees and costs incurred in the state court action – and staying this action until payment is made -- should be denied. [DE 18-4, p. 2].

### III. Conclusion

For the reasons stated above, it is

**RECOMMENDED** that Defendant Seneca Insurance Company, Inc's Verified Motion for Costs Pursuant To Rule 41(d) and For Stay Pending Payment of Costs [DE 18] be **DENIED.**

**No later than January 9, 2009**, the parties may file written objections, if any, with the Honorable Alan S. Gold, United States District Judge. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *LoConte*

*v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144 (11th Cir. 1993).

RESPECTFULLY RECOMMENDED in chambers at Miami, Florida this 16th day of December, 2008.

CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

*Copies provided to:*
The Honorable Alan S. Gold

Arthur Vanmoor
FCI Miami, Inmate No. 78973-004
Federal Correctional Institution,
P.O. Box 779800
Miami, FL 33177