UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 08-21384-CIV-GOLD/McALILEY

ARTHUR VANMOOR,

        Plaintiff,

v.

UNIVERSITY SURETY CORPORATION,
INC., SENECA INSURANCE COMPANY,
RIVAS BONDING AGENCY, INC.,
ACCREDITED SURETY & CASUALTY
COMPANY, INC., BOOTY BAIL BONDS,
INC., and AMERICAN BANKERS
INSURANCE COMPANY OF FLORIDA

        Defendants.
_____/

### ORDER ADOPTING REPORT AND RECOMMENDATIONS [DE 27]; DENYING DEFENDANT'S VERIFIED MOTION FOR COSTS [DE 18]

THIS CAUSE is before the Court on Magistrate Judge Chris M. McAliley's Report and Recommendation on Defendant's Verified Motion for Costs Pursuant to Rule 41(d) and For Stay Pending Payment of Costs [DE 27] ("Report"), in which Magistrate Judge McAliley recommends denying Defendant Seneca Insurance Company, Inc.'s Verified Motion for Costs Pursuant to Rule 41(d) and for Stay Pending Payment of Costs [DE 18] ("Motion"). Defendant Seneca Insurance Company ("Seneca") filed timely Objections to the Report [DE 29]. Having reviewed the Motion, the Report, and the Objections, as well as relevant case law and the record in this case, I adopt and affirm the Report and deny Defendant Seneca's Motion.

**I.**    **Background**

On February 18, 2004, Plaintiff Vanmoor initiated suit in Florida Circuit Court against the same defendants ("State Court Action"). During a hearing on October 30, 2006, State Court Judge Miette K. Burnstein discussed with the parties a continuance of

trial and stated, "I will grant you a continuance for 30 days. But if he's not here, not ready to go to trial in 30 days, I'll dismiss this. . . . You're either here ready to go to trial or it's gone." (DE 18-5, pp. 14-15). Thereafter, on January 3, 2007, the Judge Burnstein dismissed Plaintiff's action without prejudice because Plaintiff had failed to comply with the October 30, 2006 ruling of the court. (DE 18-4, p. 2). The order of dismissal stated, "Plaintiff shall pay all costs of Defendants should he choose to re-file this action subject to the applicable statutes of limitation." (DE 18-4, p. 2).

In the Motion, Defendant Seneca requests that, pursuant to Federal Rule of Civil Procedure 41(d) and the Court's inherent authority, the Court award Defendant costs, including attorneys' fees, incurred by Defendant in the prior state court action, and stay the case pending payment of those costs by Plaintiff. Plaintiff Vanmoor did not respond to the Motion.

## II.   Analysis

Federal Rule of Civil Procedure 41(d), entitled "Costs of a Previously Dismissed Action," provides:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
>
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
>
> (2) may stay the proceedings until the plaintiff has complied.

Fed.R.Civ.P. 41(d). By its plain language, Rule 41(d) applies only when the plaintiff dismissed the previous action. In the Report, Magistrate Judge McAliley concludes that State Court Judge Burnstein's dismissal of the State Court action was involuntary, and therefore Defendant Seneca is not entitled to fees under Rule 41(d). Judge McAliley states,

2

> Defendant disingenuously construes the state court dismissal as arising from a 'stipulation' entered into by Plaintiff. [DE 18, p.4]. The clear language of the January 3 Order demonstrated that this is not the case, and that the Court dismissed the action as a sanction for Plaintiff's failure to comply with the court's earlier order. Thus, Rule 41(d), which only applies when the plaintiff dismisses the prior action, is inapposite to this action and Defendant's request for costs and a stay pursuant to Rule 41(d) should be denied.

(Report, DE 27, p. 3).

In its Objections, Defendant Seneca once again argues that Plaintiff's dismissal of the State Court Action was voluntary. Defendant contends that, during the October 30, 2006 hearing, plaintiff's counsel, Mr. Robert, "stipulated to the dismissal" of the state court action in exchange for a 30-day continuance. In support of this argument, Defendant cites *Oswalt v. Scripto*, 616 F.2d 191, 195 (5th Cir. 1980).[1] In *Oswalt*, the Fifth Circuit concluded that oral representation of a settlement agreement dismissing the action between the parties was tantamount to a stipulation of dismissal. *Id.* at 194 ("[T]he representation to the district court of a settlement between the Oswalts and Scripto, and their agreement that the Oswalts would not further prosecute their claim against Scripto, is tantamount to a stipulation of dismissal under Fed.R.Civ.P. 41(a)(1)(ii)."). The *Oswalt* representation of settlement was signed by the attorneys for both parties, set forth the basic terms of settlement, and unequivocally stated that, in "exchange for $125,000," the Oswalts "would not further prosecute their action against Scripto." *Id.*

Defendant also cites *Role v. Eureka Lodge,* 402 F.3d 314 (2d Cir. 2005), which, like *Oswalt*, involved a settlement agreement. In *Role*, the magistrate judge confirmed in open court that the plaintiff knew the nature of the settlement agreement and agreed to its terms,

---

[1] All cases decided by the United States Court of Appeals for the Fifth Circuit before September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir. 1981).

3

and that the plaintiff understood that he was agreeing to dismiss his claims by entering into the agreement. *Id.* at 318. The judge ensured that the plaintiff "stipulated to dismiss the lawsuit with the full understanding that he could not 'wake up tomorrow or two months from tomorrow and say you know, I don't think that settlement was fair.'" *Id.* Thereafter, the judge "took notice of and endorsed the stipulation of dismissal and settlement." *Id.* The question before the Second Circuit in *Role* was whether "the oral stipulation of dismissal entered into by the parties . . . is enforceable despite the fact that no formal stipulation, signed by the parties, was filed," and in that context, the court held "that a voluntary, clear, explicit, and unqualified stipulation of dismissal entered into by the parties in court and on the record is enforceable even if the agreement is never reduced to writing, signed, or filed, as contemplated by Fed.R.Civ.P. 41(a)." *Id.*

The facts of *Oswalt* and *Role* are a far cry from the state court dismissal in this action. Plaintiff Vanmoor did not settle the state court action pursuant to enumerated settlement terms, nor did he voluntarily, clearly, and explicitly agree to dismissal of his action. Rather, upon review of the October 30, 2006 hearing transcript, and particularly the portions cited by Defendant in its Objections, I conclude that the state court dismissal was a sanction imposed upon plaintiff for failure to comply with a prior court order. I therefore concur with Magistrate Judge McAliley that Defendant Seneca is not entitled to fees under Rule 41(d).[2]

In the alternative, Defendant argues that this Court should require Plaintiff to pay costs pursuant to the State Court's January 2, 2007 Order [DE 18-4], which states "Plaintiff shall pay all costs of Defendants should he choose to re-file this action subject to the applicable statutes of limitation." Magistrate Judge McAliley addresses this argument in

---

[2]Because I conclude that Defendant is not entitled to costs under Rule 41(d), I do not reach the issue of whether "costs" includes attorneys' fees.

4

the Report, stating, "Nor has Defendant presented any caselaw supporting the exercise of inherent authority to enforce a state court order, particularly where there is no indication that the state court intended for the order to have effect in federal court." (Report, DE 27, p. 4). Defendant's Objections suffer from the same problem. Defendant "objects to the R&R to the extent that it does not address whether Seneca is entitled to costs pursuant to the Circuit Court's January 2, 2007 Order," (Objections, DE 29, p.7), but again, Defendant fails to provide any caselaw or argument as to why this Court should enforce the state court order. For the reasons stated above, I affirm and adopt the Report, and deny Defendant Seneca's Motion. It is hereby

ORDERED AND ADJUDGED:

1. The Report and Recommendation [DE 27] is AFFIRMED and ADOPTED.
2. Defendant's Verified Motion for Costs Pursuant to Rule 41(d) and For Stay Pending Payment of Costs [DE 18] is DENIED.
3. Plaintiff's Motion for Extension of Time [DE 28] is DENIED as MOOT.
4. The parties are instructed to file a Joint Scheduling Report, as required by my Order at DE 2 by Friday, April 3, 2009.

DONE AND ORDERED in Chambers at Miami, Florida this 11 day of March, 2009.

_____
THE HONORABLE ALAN S. GOLD
U.S. DISTRICT COURT JUDGE

cc:
U.S. Magistrate Judge Chris M. McAliley
Counsel of record