UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 08-21384-CIV-GOLD/McALILEY

ARTHUR VANMOOR,

     Plaintiff,

v.

UNIVERSITY SURETY CORPORATION,
INC., et al.

     Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION [DE 101]; IMPOSING SANCTIONS ON PLAINTIFF; ORDERING PLAINTIFF TO DEPOSIT FUNDS INTO COURT REGISTRY BY DATE CERTAIN; ORDERING PLAINTIFF TO SIT FOR DEPOSITION**

**I.     Introduction**

THIS CAUSE is before the Court upon Plaintiff Arthur Vanmoor's ("Vanmoor") Motion to Vacate **[DE 101]** ("the Motion"), which is, in substance, a Motion for a Protective Order that seeks relief from my November 23, 2009 Discovery Order **[DE 58]** requiring Plaintiff to submit to a deposition subject to certain conditions.[1]  Defendant Seneca Insurance Company ("Seneca") filed a response in opposition **[DE 104]**, and a telephonic hearing was held on June 8, 2010.[2]   Having considered the relevant submissions, the arguments of the parties as presented at the telephonic hearing, the applicable law, and being otherwise duly advised, I deny the motion for the reasons that follow and impose

---

[1] *See* Fed. R. Civ. P. 26(c)(1) (noting that a motion for protective order is a mechanism by which a party moves for an order "to protect a party or person from . . . undue burden or expense, including . . . specifying terms, including time and place, for the disclosure or discovery").

[2] Counsel for Plaintiff and Counsel for Seneca participated in the telephonic hearing.

sanctions upon the Plaintiff.

## II.     Factual and Procedural Background

On May 12, 2008, Plaintiff filed a 7-count complaint against various Defendants in connection with a number of appearance bonds allegedly issued by the Defendants. These bonds were issued on July 19, 2003 after Plaintiff was arrested and charged with the commission of three felonies.  However, because of an immigration detainer, Plaintiff was never released from custody was ordered by a Broward County state court judge to be held without bond.  The complaint seeks to void the appearance bonds and asserts various counts for breach of contract and rescission against the Defendants.  All Defendants with the exception of Seneca have been dismissed from this action.

This case proceeded as planned until November 2009, when Defendant sought to depose the Plaintiff.  At that time, it was brought to the Court's attention that Plaintiff, because of his immigration status, would not be permitted to enter the United States. Accordingly, I held a status conference and concluded that – notwithstanding the general rule that a plaintiff must be made available for oral deposition in the district in which the action was filed – the most appropriate remedy in this particular case would be to allow Plaintiff to appear for deposition at a mutually agreeable foreign location, with Plaintiff defraying Defendant Seneca's reasonably necessary travel expenses.  *See* **[DE 58]** ("the November 23 Order").

Since the issuance of my November 23 Order, Plaintiff's former attorney withdrew **[DE 92]** and Plaintiff hired substitute counsel **[DE 99]**.  Seeking to avoid the deposition obligations imposed by my November 23 Order, Plaintiff has filed a document entitled

2

"Motion to Vacate" **[DE 101]** that is, in essence, a Motion for Protective Order.  See note 1, *supra*.  In the Motion, Plaintiff contends that my November 23 2009 Order is "void" because "this court was without the authority to grant such relief . . . and as a result, the Order should be vacated and each party should bear their own expenses for the remainder of this litigation." **[DE 101, p. 2]**.  Defendant Seneca vigorously opposes Plaintiff's Motion, claims that it is frivolous, and requests an award of fees and costs incurred in having to respond to Plaintiff's frivolous motion.  See **[DE 104]**.

### III.    Analysis

Ordinarily, a defendant in a civil action has the right to depose a plaintiff in the forum in which the action was filed.  7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2112 (3d ed. 2009)*; see also Trinos v. Quality Staffing Services Corp.,* 250 F.R.D. 696, 699 (S.D. Fla. 2008) ("[D]efendants are generally 'entitled to depose a plaintiff in the forum where the plaintiff has chosen to sue.' ") (quoting *Luna v. Del Monte Fresh Produce (Southeast), Inc.*, 2007 WL 1500269, *2 (N.D. Ga. May 18, 2007)).  However, the Federal Rules of Civil Procedure authorize the Court to order that a plaintiff's deposition be taken in a different location, or by alternative means, if justice so requires.  7 Wright and Miller, *Federal Practice and Procedure* § 2112.  Thus, if a plaintiff demonstrates hardship or burden that outweighs any prejudice to the defendant, the general rule requiring a plaintiff to appear for deposition in the forum "may yield to the exigencies of the particular case."  *Abdullah v. Sheridan Square Press, Inc.*, 154 F.R.D. 591, 592 (S.D.N.Y.1994) (ordering defendants to depose plaintiff in London, where plaintiff lived, as opposed to New York, where the action was filed).

In this particular case, I previously determined that an appropriate solution to Plaintiff's immigration predicament would be to allow Plaintiff to sit for deposition at a mutually agreeable foreign location. However, because Plaintiff filed suit in this district, I concluded that Plaintiff should be required cover the cost of Defendant's reasonably necessary travel expenses. Simply put, Plaintiff chose the forum, and Defendant Seneca should not be forced to shoulder a substantial financial burden simply because of a change in Plaintiff's immigration status – a change that was entirely beyond Seneca's control.

Plaintiff's argument that I was "without the authority" to order Plaintiff's deposition subject to certain conditions is not only misguided, but entirely frivolous, for it is axiomatic that district courts have "great discretion" – as part of their inherent equitable powers – to control discovery and order one party to pay the deposition costs of another party. *Borden, Inc. v. Florida East Coast Ry. Co.*, 772 F.2d 750, 756 (11th Cir. 1985) (noting that "[d]istrict courts have great discretion over discovery matters"); 7 Wright and Miller, *Federal Practice and Procedure* § 2112. ("On a motion, the court has a wide discretion in selecting the place of examination and in attaching conditions concerning the payment of expenses"); *see also Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1218 n. 76 (11th Cir. 2007) ("[t]he court's denial, grant, or limitation of a motion for discovery is reviewed for abuse of discretion"); *Redland Soccer Club, Inc. v. Dept. of Army of United States*, 55 F.3d 827, 853 (3d Cir. 1995) (noting that district courts have broad discretion to order parties to bear the costs of taking and traveling to depositions, even where the depositions do not occur "at the site of the litigation").

Whether Plaintiff's failure to recognize the frivolity of his argument was willful or

careless is of no consequence; the fact remains that Plaintiff's frivolous discovery motion was signed by counsel.  By signing the Motion, Plaintiff's counsel certified to this Court that "to the best of [his] knowledge, information, and belief formed *after reasonable inquiry*," the contents of his Motion were "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law."  *See* Fed. R. Civ. P. 26(g)(1) (noting that "by signing [a discovery motion], an attorney or party certifies that . . . ") (emphasis added).  Because a reasonable inquiry would have revealed the absurdity of Plaintiff's "voidness" argument, I unequivocally conclude that Plaintiff's Motion violated the provisions of Rule 26(g)(1).

Because Plaintiff's counsel failed to provide the Court with a "substantial justification" for filing the frivolous discovery motion during the course of the telephonic hearing,[3] Rule 26 requires that I "impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both."  Fed. R. Civ. P. 26(g)(3).  Having inquired of Seneca's counsel regarding the amount of time spent responding to the Motion, I conclude that an award of $600 is an appropriate monetary sanction.[4]  *Id.* (noting that "[t]he sanction may include an order to pay the reasonable expenses, including attorney's fees,

---

[3] During the telephonic hearing, I announced my conclusion that Plaintiff's Motion was frivolous and invited Plaintiff's counsel to comment on the matter.  He declined to do so.  Instead, he simply stated that "the entire basis for imposing this fee on my client assumes some sort of ability to pay which he just simply does not have."  **[June 8, 2010 Hr'g Tr. at 3:10 - 3:11 p.m.]**.

[4] Counsel for Seneca represented that an associate who charges $295/hour worked for approximately 3 hours on the response to Plaintiff's Motion.  **[June 8, 2010 Hr'g Tr. at 3:10 - 3:11 p.m.]**.  Lead counsel for Seneca also reviewed the response, but stated that the associate did the substantive work and that his role "was more review and edit."  *Id.*

5

caused by the violation"). Additionally, Plaintiff will be required to pay $5,000 into the Court's registry as security for the reasonably necessary travel expenses recoverable by Seneca in connection with Plaintiff's upcoming foreign deposition. See **[DE 58]** (ordering Plaintiff to pay the standard round-trip airfare and any other reasonably necessary travel expenses for [Seneca's] corporate representative and [Seneca's] attorney to be able travel from Miami, Florida to the mutually agreeable foreign location for Plaintiff's deposition").

IV.   **Conclusion**

Based on the foregoing, it is hereby ORDERED AND ADJUDGED that:

1. Plaintiff's Motion **[DE 101]** is DENIED.

2. By **no later than Wednesday, June 30, 2010 at 12:00 p.m.**, Plaintiff is ORDERED to pay the sum of $5,600 (FIVE-THOUSAND-SIX-HUNDRED) U.S. Dollars into the registry of this Court.

    a.   $600 shall represent the monetary sanction imposed as a result of Plaintiff's frivolous discovery motion.

    b.   $5,000 shall represent a sum that may be used to cover the reasonably necessary expenses incurred by Defendant Seneca in connection with Plaintiff's foreign deposition. See **[DE 55]**.

        i.   Once Defendant Seneca incurs reasonably necessary travel expenses in connection with Plaintiff's foreign deposition, it may file a motion with this Court seeking reimbursement from the funds to-be-paid into the Court's registry.[5]

---

[5] Seneca is cautioned that the Court will carefully review every travel expense incurred and will only permit reimbursement for *reasonably necessary travel expenses*.

      c.      Plaintiff is <u>expressly cautioned</u> that failure to timely deposit the aforementioned funds into the Court's registry will result in this action being <u>dismissed without prejudice</u>.

3. Provided that Plaintiff timely deposits the above-referenced sums into the registry of the Court, Plaintiff is ORDERED to sit for a deposition at a mutually agreeable foreign location **no later than July 30, 2010**.

      a.      Plaintiff is <u>expressly cautioned</u> that failure to timely make himself available for deposition will result in this action being <u>dismissed without prejudice</u>.

4. The reasonably necessary travel expenses I have imposed upon the Plaintiff are subject to re-allocation following the entry of judgment in this matter.

5. A final judgment with respect to the monetary sanctions I have imposed upon the Plaintiff will issue concurrently with this Order.

DONE AND ORDERED in Chambers in Miami, Miami Dade County, Florida, this 9th day of June 2010.

                                                        HONORABLE ALAN S. GOLD
                                                         UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge McAliley
     Counsel of record