UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21384-CIV-GOLD/MCALILEY

ARTHUR VANMOOR,

    Plaintiff,

v.

UNIVERSAL SURETY CORP., INC.,
a Florida corporation, d/b/a UNIVERSAL
BAIL BONDS, SENECA INSURANCE
COMPANY, INC., a New York corporation,
*et al.*
                                  /

## **REPORT AND RECOMMENDATION ON MOTIONS FOR CONTEMPT**

Pending before the Court is Plaintiff Arthur Vanmoor's Motions for Contempt [DE 71, 87] and Notices of Forgery and Perjury. [DE 86, 88]. These matters were referred to me by the Honorable Alan S. Gold for resolution. [DE 91]. In the first motion for contempt, Vanmoor asks this Court to find his former attorney, Albert Piantini, in contempt for failing to provide him with copies of court documents. [DE 71]. In the second motion for contempt, Vanmoor complains about Piantini's failure to communicate and asks the Court to strike Piantini's motion to withdraw as counsel. [DE 87]. In the notices, Vanmoor asserts that Piantini filed a forged fee agreement [DE 86] and committed perjury in a court filing. [DE 88].

Piantini responded to the motions and notices, disputing Vanmoor's factual allegations. [DE 77 (filed under seal), 90]. Piantini also pointed out that the second

contempt motion and the notices were filed shortly after the Court held a hearing on Piantini's motion to withdraw and, at that hearing, Vanmoor did not raise any of the claims set forth in his second motion for contempt and the notices, despite the opportunity to do so. [DE 90]. Not having been advised by Vanmoor of any of these complaints, the Court allowed Piantini to withdraw as Vanmoor's counsel and Vanmoor since has retained new counsel. [DE 92, 99].

I.   **Background**

The dispute between Vanmoor and his former counsel had its genesis is a disagreement about Vanmoor's deposition. Vanmoor was deported to the Netherlands during the pendency of this action. On November 24, 2009, Judge Gold ordered Vanmoor deposed at a mutually agreeable foreign location and ordered Vanmoor to pay defense counsel's costs to travel to the deposition. [DE 58]. Regarding attendance at the deposition by his own counsel, Piantini, Vanmoor took the position that Piantini should either pay his travel expenses using the cost retainer Vanmoor previously had provided or should attend the deposition by telephone. [DE 60]. Piantini rejected either option. [DE 67]. The dispute became increasingly acrimonious, leading to Vanmoor's accusations of wrongdoing in the motions for contempt and notices, and to Piantini's motion to withdraw.

II.   **Analysis**

Federal courts are courts of limited jurisdiction and the party seeking to have the Court assert jurisdiction over a matter has the burden of establishing that jurisdiction exists.

*Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Vanmoor's dispute with his counsel does not fall within this Court's original jurisdiction. Vanmoor's claims against Piantini do not arise from federal law and Vanmoor cannot establish diversity jurisdiction as the amount in dispute is less than $75,000.00.[1] A court may exercise ancillary jurisdiction over matters, not within its original jurisdiction, if the matters are incidental to other matters properly before them. *Id.* at 378.

Ancillary jurisdiction may be asserted for two purposes: "(1) to permit the disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 379-80 (citations omitted). The concept of ancillary jurisdiction is codified in 28 U.S.C. § 1367, as part of the definition of the supplemental jurisdiction of the court. *Montpellier Farm, Ltd. v. Crane Environmental, Inc.*, No. 07-22815-CIV, 2009 WL 722238, * 3 (S.D. Fla. March 18, 2009).

Vanmoor has failed to establish that this Court should exercise ancillary jurisdiction over his dispute with his former counsel. The first basis for jurisdiction – to resolve in one forum factually interdependent claims – is wholly inapplicable. Vanmoor's claims regarding his former counsel's alleged wrongdoing are completely unrelated to the claims made against the defendants in this case.

The second basis – to enable the court to manage its proceedings, vindicate its

---

[1] Vanmoor asserts that he paid Piantini $20,000.00 in fees and advanced $3,000.00 in costs. Moreover, as discussed below, Vanmoor does not seek to recover these fees and costs.

3

authority and effectuate its decrees – is also inapplicable under these circumstances. Courts generally recognize ancillary jurisdiction over disputes between a party to a federal action and that party's attorney over the proper amount of fees due the attorney. *Montpellier,* 2009 WL 722238, *3. Vanmoor, however, does not challenge the amount of fees paid to Piantini in either motion for contempt. Rather, the heart of Vanmoor's complaints regarding his former counsel concern Vanmoor's belief that Piantini was not providing him with the filings in this action, their disagreement over whether Piantini had to attend Vanmoor's deposition in person and who would carry that cost, and Vanmoor's objection to his former counsel's withdrawal from the case. These matters have now been resolved: the Court granted Piantini's motion to withdraw, Vanmoor has retained new counsel to represent him in his deposition and at trial, and Piantini has forwarded his case file to Vanmoor's new counsel. [DE 98]. As a result, the relief sought by Vanmoor in the motions to compel is essentially moot.

Thus, the resolution of the issues raised by Vanmoor's motions and notices are not necessary for the efficient management of the proceedings before the Court. On the contrary, Vanmoor's claims amount to a tangent that would divert this Court and the parties from the core issues in this action.[2]

---

[2] Vanmoor may raise any claims he believes remain against his former counsel's through other available avenues, such as a complaint with the Florida Bar or an action in state court.

### III. Recommendation

Based on the foregoing, I respectfully recommend that Plaintiff Arthur Vanmoor's Motions for Contempt [DE 71, 87] be **DENIED WITHOUT PREJUDICE**.

### IV. Objections

The parties may file written objections to this Report and Recommendation with the Honorable Alan S. Gold within **fourteen days** of the date of this Report and Recommendation. Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein. *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

DONE AND ORDERED in chambers in Miami, Florida this 24th day of June, 2010.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Alan S. Gold
All counsel of record